# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 15, 2006

126758

IN RE VANCONETT, ESTATE.

_____/

FLOYD RAU, Personal Representative of the
Estate of HERBERT LEE VANCONETT,
Deceased; JOYCE ANN FLORIP; KAREN JEAN
PETERSON; and SANDRA LEE PARACHOS,
      Plaintiffs-Appellants,

v

ELIZABETH M. LEIDLEIN and
MARIANNE DURUSSEL,
      Defendants-Appellees.


_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 126758
COA: 247516
Saginaw PC: 01-111943-DE

On order of the Court, leave to appeal having been granted and the case having been briefed and argued by counsel, the order of January 13, 2006 which granted leave to appeal is VACATED and leave to appeal is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. concurs and states as follows:

I concur in the Court's order denying leave to appeal. At issue is whether the decedent, Herbert VanConnett, entered into a contract with his wife to make a mutual will and, if he did, whether that contract is specifically enforceable.

The Court of Appeals correctly concluded, in my judgment, that each of these wills shows an intention to enter into a contract for a mutual will and that each contains the material provisions of that contract. Such a contract becomes irrevocable by the survivor and can be specifically enforced by the beneficiaries. *Schondelmayer v Schondelmayer*, 320 Mich 565, 570 (1948). Having determined that a contract existed, the Court of Appeals should then have held that the contract was specifically enforceable and remanded to the probate court for enforcement. Instead, the Court of Appeals held

that the will was revocable and remanded to the probate court for further factual development and consideration of whether revocation breached the contract.

Notwithstanding, the evidence indicates that the assets at issue are no longer part of the decedent's estate and, therefore, there is nothing to distribute to the intended beneficiaries. Because the remand ordered by the Court of Appeals will not detrimentally affect the rights of the intended beneficiaries, I would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 15, 2006

_____
Clerk

p1212